Chaim B. Book, Esq.
Moskowitz & Book, LLP
1372 Broadway, Suite 1402
New York, New York 10018
(212) 221-7999

and

Paul J. Raine, PLCC
P.O. Box 99773
Troy, MI 48099
(248) 680-9522

Attorneys for Defendant Steven Swancoat
   d/b/a Gannscience d/b/a Gannscience.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WILEY & SONS, INC.,                     :
                                             :
              Plaintiff,                     :      Case No. 08-CIV-5672 (JGK)
                                             :
        v.                                   :
                                             :
STEVEN SWANCOAT D/B/A GANNSCIENCE            :
D/B/A GANNSCIENCE.COM, JOHN DOE              :
NOS. 1-5 and JANE DOE NOS 1-5,               :
                                             :
              Defendants.                    :

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant STEVEN SWANCOAT, D/B/A GANNSCIENCE D/B/A GANNSCIENCE.COM (hereinafter "GANNSCIENCE" by and through its attorneys, Paul J. Raine, PLLC answers Plaintiff's Complaint as follows:

1.    GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

2. GANNSCIENCE admits that this court has jurisdiction over claims made pursuant to the Copyright Act, but denies that this court has jurisdiction over any claims for common law unfair competition.

3. GANNSCIENCE denies that venue is proper and further states that the proper venue would be in the United States District Court for the Eastern District of Michigan.

4. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

5. GANNSCIENCE admits that the primary residence for Steven Swancoat is in Michigan.

6. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

7. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

8. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

9. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

10. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

11. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

12. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

13. GANNSCIENCE neither admits nor denies and leaves plaintiff to his proofs.

14. GANNSCIENCE neither admits nor denies and leaves plaintiff to his proofs.

15. GANNSCIENCE denies any intent to trade off goodwill.

16. GANNSCIENCE repeats the answers contained in Paragraphs 1 through 15 above.

17. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

18. GANNSCIENCE neither admits nor denies and leaves Plaintiff to his proofs.

19. GANNSCIENCE denies that it has caused irreparable harm to Plaintiff and has voluntarily agreed to cease any activities that may be offensive to Plaintiff.

20. GANNSCIENCE denies that it has willfully infringed the Wiley Trademarks.

21. GANNSCIENCE repeats the answers provided in Paragraphs 1 through 20 above.

22. GANNSCIENCE denies use of counterfeits of the Wiley Trademarks.

23. GANNSCIENCE denies.

24. GANNSCIENCE repeats the answers provided in Paragraphs 1 through 23 above.

25. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

26. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

27. GANNSCIENCE neither admits nor denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

28. GANNSCIENCE neither admits nor denies and leaves Plaintiff to his proofs.

29.  GANNSCIENCE denies that it has caused irreparable harm to Plaintiff and has voluntarily agreed to cease any activities that may be offensive to Plaintiff.

30.  GANNSCIENCE neither admits nor denies and leaves Plaintiff to his proofs.

31.  GANNSCIENCE repeats the answers provided in Paragraphs 1 through 30 above.

32.  GANNSCIENCE denies that it has caused irreparable harm to Plaintiff and has voluntarily agreed to cease any activities that may be offensive to Plaintiff.

WHEREFORE, Defendant GANNSCIENCE respectfully requests that this Court deny the relief that Plaintiff seeks and dismiss this case with prejudice.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant GANNSCIENCE, states for its Affirmative Defenses as follows:

1.  Plaintiff's Complaint, or portions of the Complaint, fails to state a cause of action upon which relief can be granted.

2.  Plaintiff's Complaint, or portions of the Complaint, is barred by the Clean Hands Doctrine.

3.  Plaintiff's damages, if any, are a proximate result of Plaintiff's own negligence, contributory negligence, carelessness and/or misconduct.

4.  Defendant's actions amount to Fair Use under section 107 of the U.S. Copyright Act.

5.  Defendant reserves the right to file additional Affirmative Defenses upon completion of the investigation into the facts and circumstances alleged.

WHEREFORE, Defendant GANNSCIENCE respectfully requests that this Court deny the relief that Plaintiff seeks and dismiss this case with prejudice.

Dated: September 3, 2008
       New York, New York

                              Respectfully Submitted,

                              MOSKOWITZ & BOOK, LLP

                              By: _____
                                 Chaim B. Book (CB-4652)
                              1372 Broadway, Suite 1402
                              New York, New York 10018
                              (212) 221-7999

                                   - and -

                              Paul J. Raine, Esq.
                              Paul J. Raine, PLCC
                              P.O. Box 99773
                              Troy, MI 48099
                              (248) 680-9522


                              Attorneys for Defendant
                                  Steven Swancoat d/b/a Gannscience
                                  d/b/a Gannscience.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WILEY & SONS, INC., :
:
       Plaintiff, :  Case No. 08-CIV-5672 (JGK)
:
v. :
:
STEVEN SWANCOAT D/B/A GANNSCIENCE :  AFFIDAVIT OF SERVICE
D/B/A GANNSCIENCE.COM, JOHN DOE :
NOS. 1-5 and JANE DOE NOS 1-5, :
:
       Defendants. :

STATE OF NEW YORK  )
                           ) ss.:
COUNTY OF NEW YORK  )

       GABRIELLE PRIETO, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age, and reside in Queens County. On the 3rd day of September, 2008, I caused to be served a true copy of the foregoing Defendant's Answer and Affirmative Defenses, via first-class mail, upon:

       William Dunnegan, Esq.
       Megan L. Martin, Esq.
       Dunnegan LLC
       350 Fifth Avenue
       New York, New York 10118

by depositing a true and correct copy thereof in a post-paid securely sealed, properly addressed envelope, in an official depository under the exclusive care and custody of the United States Postal Service within this State.

                                                        _____
                                                             GABRIELLE PRIETO

Sworn to before me this
3rd day of September, 2008.       Brenda G. Bennett
                                          Notary Public, State of New York
_____      No. 01BE6179537
Notary Public                             Qualified in Bronx County
                                          Commission Expires December 24, 2011