```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------

**JOHN WILEY & SONS, INC.,**

                    **Plaintiff,**        **08 Civ. 5672 (JGK)**

       **- against -**              **MEMORANDUM OPINION
                                                  AND ORDER**

**STEVEN SWANCOAT D/B/A GANNSCIENCE
D/B/A GANNSCIENCE.COM, JOHN DOE NOS.
1-5 AND JANE DOE NOS. 1-5,**

                    **Defendants.**

------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, John Wiley & Sons, Inc. (the "plaintiff"), brings this action for copyright infringement against Steven Swancoat, d/b/a Gannscience, d/b/a Gannscience.com ("Swancoat" or "the defendant") and various John and Jane Does (collectively, the "defendants"), alleging that the defendants sold electronic copies of the plaintiff's copyrighted works through the website Gannscience.com. The plaintiff also alleges claims for trademark infringement, trademark counterfeiting, and unfair competition. The defendant now moves to dismiss the action for improper venue or, in the alternative, to transfer the action to the Western District of Missouri pursuant to 28 U.S.C. § 1404(a).

I.

    The plaintiff is a global publishing company with its headquarters in Hoboken, New Jersey. (Compl. ¶ 4; Def. Resp.

Attach. D.)  Swancoat represents that he is a student at the Kansas City University of Medicine and Bioscience.  (See Def.'s Mot. p. 2.)  According to Swancoat, he currently resides in Missouri, but he resided in Michigan at the time he was served in this action.  (See Def.'s Mot. pp. 1-2.)  Swancoat operated the website Gannscience.com, on which he offered for sale copies of various written works.  (Decl. of William Dunnegan, dated Feb. 13, 2009 at Ex. B ¶¶ 7-9 ("Dunnegan Decl."))  The website allowed customers to purchase copies of these texts over the internet.  (Dunnegan Decl. Ex. C.)  The website also allowed for the exchange of contact and mailing information between Swancoat and customers.  (Id.)  Many of the texts offered for sale on Gannscience.come were copyrighted material belonging to the plaintiff.  (See generally Dunnegan Decl. Ex. B.)  Of the texts sold by Swancoat via Gannscience.com, at least seven were shipped to New York.  (Dunnegan Decl. ¶ 5.)  In addition, Swancoat sold three books that are the subject of this action to a paralegal at the firm representing the plaintiff and shipped them into this District.  (Dunnegan Decl. ¶ 6.)

**II.**

**A.**

A plaintiff may bring an action under federal copyright laws "in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  "A defendant

'may be found' in any district in which he is subject to personal jurisdiction." Lipton v. The Nature Co., 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992) (citation omitted). Because there is no specific federal statute governing personal jurisdiction on a copyright claim, this Court must look to the provisions of state law. See Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000). New York's long-arm statute provides for personal jurisdiction over any non-domiciliary who "transacts any business within the state" for a "cause of action arising from" any of those acts. N.Y. C.P.L.R. § 302(a). A claim "will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Henderson v. I.N.S., 157 F.3d 106, 123 (2d Cir. 1998) (internal quotation marks omitted). "[A] single transaction in New York may suffice to invoke personal jurisdiction" so long as both the "transacts any business" and "substantial relationship" requirements are satisfied. Ehrenfeld v. Mahfouz, 489 F.3d 542, 548 (2d Cir. 2007); see also Kreutter v. McFadden Oil Corp., 522 N.E.2d 40, 43 (N.Y. 1988) (under § 302(a)(1) even "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a

substantial relationship between the transaction and the claim asserted.").

Purposeful availment can be found even when defendants sell as few as one item into New York via the internet. See Alpha Int'l, Inc. v. T-Reproductions, Inc., 02 Civ. 9586, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003) (defendant's sale of "at least one . . . product" into New York from its website sufficed to show defendant had transacted business in New York); Mattel, Inc. v. Adventure Apparel, 00 Civ. 4085, 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001) (defendant's sale of one pair of hosiery via its website constituted transacting business in New York).

Swancoat made several sales of books into New York. The plaintiff holds the copyright for the books. The sale required payment from New York purchasers and required the exchange of shipping and contact information with New York customers. The plaintiff's complaint is based on the infringement of its copyrights based on these sales into New York. See Dunnegan Decl. ¶¶ 5-6.

The defendant's activities are sufficient to show that the defendant transacted business in New York and that there is a substantial relationship between transacting that business and the claim asserted in the complaint. See Pearson Educ., Inc. v. Shi, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) ("Personal

4

jurisdiction has been found when out-of-state defendants allegedly have sold copyright-infringing merchandise over the Internet to customers in New York.") (collecting cases); Alpha Int'l, 2003 WL 21511957, at *3; Mattel, 2001 WL 286728, at *3.

Because plaintiff's cause of action for copyright infringement is directly related to the defendant's sale into New York of works allegedly infringing these copyrights, a sufficient nexus exists between the claim asserted and the actions in New York State.  Having met both prongs of this test, the plaintiff has satisfied the requirements of § 302(a)(1).[1]

Jurisdiction over the defendant must also comport with the constitutional requirement of due process.  There are two parts to the due process test for personal jurisdiction: the "minimum contacts" inquiry and the "reasonableness" inquiry. Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  The minimum contacts inquiry requires that the court determine whether a defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction over the defendant.  See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Metropolitan Life, 84 F.3d at 567.  In determining whether minimum contacts exist, courts must examine the "quality and nature" of the contacts under a

---

[1] There would also be personal jurisdiction over the defendant for the claims trademark infringement, trademark counterfeiting, and unfair competition.

5

totality of the circumstances test, to determine whether the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws . . . such that [the defendant] should reasonably anticipate being haled into court there." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242-43 (2d Cir. 2007) (internal citations omitted). The court should consider the relationship among the defendant, the forum, and the litigation. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984); Shaffer v. Heitner, 433 U.S. 186, 204 (1977); Chew v. Dietrich, 143 F.3d 24, 28 (2d Cir. 1998). The reasonableness inquiry requires the court to determine whether the assertion of personal jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice" under the circumstances of the particular case. Calder v. Jones, 465 U.S. 783, 788 (1984) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The Court must take into account five factors in this inquiry: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in

6

furthering substantive social policies.  See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-14 (1987); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980); Metropolitan Life, 84 F.3d at 568; Lechner v. Marco-Domo Internationales Interieur GMBH, 03 Civ. 5664, 2005 WL 612814, at *3 (S.D.N.Y. Mar. 14, 2005).

The exercise of jurisdiction over Swancoat does not violate the constitutional guarantee of due process because both the minimum contacts and the reasonableness requirements are satisfied here.  Swancoat has sufficient minimum contacts with the State of New York.  He has sold books into New York State that allegedly infringed the plaintiff's copyrights.  Swancoat has received payment for the books and exchanged contact and mailing information with New York residents.  Thus, he could reasonably have expected to be subject to suit in New York for the sales of those products into New York.

The exercise of jurisdiction over Swancoat would also be reasonable.  While Swancoat argues that defending a lawsuit in New York would place an unfair financial burden on a student residing in a distant location, this argument is not persuasive in light of the purposeful actions that he took with respect to New York.  Thus, the exercise of jurisdiction over Swancoat in this District comports with due process requirements.

**B.**

Venue over the non-copyright causes of action is proper under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events . . . giving rise to the claim occurred" in this judicial district.  The complaint alleges claims for trademark infringement, trademark dilution, and unfair competition arising out of the sales of books in this district.  Thus, a substantial part of the events that are the basis for these claims occurred in this judicial district.  See, e.g., Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) ("The Lanham Act has no special venue provision and thus the general venue statute is applicable.").

**III.**

Swancoat also moves to transfer this action to the Western District of Missouri under 28 U.S.C. § 1404(a).  Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The first issue that must be addressed is whether this action "might have been brought" in the Western District of Missouri.  There is no showing that the defendant had any contacts with Missouri at the time this action was commenced.  At that time Swancoat was a resident of Michigan.  There is no evidence supporting a basis under which this action could have

been brought in Missouri.  The only apparent basis for the request for a transfer to Missouri is that the defendant is now attending school in Missouri, not that he has any prior connection to Missouri which would have allowed suit to be brought against him in that state.

In any event, Swancoat has not shown that a transfer to the Western District of Missouri is either "for the convenience of the parties and witnesses," or "in the interest of justice."  In ruling on a motion to transfer, the Court should consider both the interest of the litigants and the public interest.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).  The interest of the litigants includes the plaintiff's initial choice of forum; the convenience of the parties and the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for the attendance of witnesses; the location of relevant documents and other tangible evidence; questions as to the enforceability of judgment if one is obtained; and "all other practical problems that make trial of a case easy, expeditious and inexpensive."  Id.; see also Red Bull Assocs. v. Best Western Int'l, Inc., 862 F.2d 963, 966-67 (2d Cir. 1988); Calavo Growers of Cal. v. Generali Belgium, 632 F.2d 963, 966-67 (2d Cir. 1980); Jasol Carpet, Inc. v. Patcraft Commercial Carpet, Inc., 96 Civ. 3064, 1997 WL 97831, at *3 (S.D.N.Y. Mar. 6, 1997); Elite Parfums, Ltd. v. Rivera, 872 F. Supp. 1269, 1271

(S.D.N.Y. 1995).  The public interest includes administrative difficulties that follow from court congestion, a local interest in having localized controversies decided at home, and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action.  See Gulf Oil, 330 U.S. at 508-09.

The burden of establishing the propriety of a change of forum under § 1404 rests on the moving party.  Elite Parfums, 872 F. Supp. at 1271.  The plaintiff's choice of forum, however, "should not be disturbed unless the balance of [these] factors tips decidedly in favor of a transfer."  Wildwood Imp. v. M/V Zim Shanghai, 04 Civ. 5538, 2005 WL 425490, at *3 (S.D.N.Y. Feb. 20, 2005) (citing Jasol Carpet, 1997 WL 97831, at *3).

Swancoat urges the Court to transfer the case to the Western District of Missouri because he now resides there as a student.  Swancoat, however, has not met the burden to transfer under § 1404(a).  The plaintiff's corporate headquarters are located near the Southern District of New York, and its choice of forum is entitled to substantial deference.  The defendant has failed to show that there are any witnesses, other than himself, who are located in Missouri.  Transferring this action would merely shift the burden of any inconvenience to the plaintiff.  See, e.g., Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006) (convenience of

10

parties is neutral factor under § 1404(a) if transfer of venue would merely shift the inconvenience from one party to another) (collecting cases).  Swancoat has not carried the heavy burden required to disturb the plaintiff's choice of forum.  The motion to transfer venue is therefore denied.

## CONCLUSION

The Court has considered all of the parties' arguments.  To the extent not explicitly discussed above, the arguments are either moot or without merit.  For the reasons explained above, the defendant's motion to dismiss for improper venue or to transfer is denied.  The Clerk is direct to close Docket No. 22.

**SO ORDERED.**

**Dated:**   New York, New York
             August 14, 2009

                                         _____
                                              John G. Koeltl
                                         United States District Judge