**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**JOHN WILEY & SONS, INC.,**

                   **Plaintiff,**              08 Civ. 5672 (JGK)

      - against -                  **MEMORANDUM OPINION**
                                                            **AND ORDER**

**STEVEN SWANCOAT,**

                   **Defendant.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    By order dated December 22, 2010, the Court overruled the defendant's objections to the Bill of Costs in the amount of $2,755.50. The defendant now asks the Court to reconsider that decision. In particular, the defendant objects to his being taxed $2,280.50 for "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case."

    The Court is not required to consider the defendant's application for two reasons. First, the application was filed January 8, 2011, and thus was untimely. See Local Civil Rule 6.3 (providing fourteen-day period for filing of a motion to reconsider). Second, the defendant acknowledges that he did not advance the argument that the taxation of transcript costs was improper in his original objections to the Bill of Costs. Generally, a motion to reconsider is proper only where it alleges that the Court overlooked controlling law or facts,

Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995), and not where it makes "new arguments that could have been previously advanced," Associated Press v. United States Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

Reconsideration of a prior decision, however, is within the discretion of the Court, and is warranted where necessary "to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). Moreover, although the requirements of Local Civil Rule 6.3 generally "must be narrowly construed and strictly applied," Newton v. City of New York, 07 Civ. 6211, 2010 WL 329891, at *1 (S.D.N.Y. Jan. 27, 2010) (internal quotation marks omitted), failure to adhere to the time limits prescribed by the rule may be excused where circumstances warrant. See, e.g., B.D. Cooke & Partners Ltd. v. Certain Underwriters at Lloyd's, London, 08 Civ. 3435, 2010 WL 779783, at *2 (S.D.N.Y. Mar. 9, 2010) (exercising discretion to consider untimely motion to reconsider); Kargo, Inc. v. Pegaso PCS, S.A. de C.V., 05 Civ. 10528, 2009 WL 1289259, at *5 (S.D.N.Y. May 11, 2009) (exercising same discretion, in light of absence of prejudice to other party); Darnley v. Ameriquest Mortg. Co., 2010 WL 1037971, at *1 (E.D.N.Y. Mar. 17, 2010) (exercising same discretion, in light of party's pro se status).

In light of the defendant's pro se status and the fact that the plaintiff will suffer no prejudice as a result, the Court exercises its discretion to consider the merits of the defendant's application. The Bill of Costs reflects a taxable cost of $2,280.50 for transcripts. By local rule, however, transcripts are taxable only if the transcripts were "necessarily obtained for use in this court or on appeal." Local Civil Rule 54.1. The papers submitted by the plaintiff in opposition to the defendant's objections to the Bill of Costs do not identify the transcripts that were taxed to the defendant, nor whether they were actually used at trial. Accordingly, it is not possible for the Court to assess whether they were "necessarily obtained for use in this court or on appeal." The plaintiff is thus directed to identify the transcripts, and to submit any documents it wishes the Court to consider in evaluating whether the transcripts were "necessarily obtained," by **January 24, 2011.**

SO ORDERED.

Dated:   New York, New York
         January 15, 2011

                                         /s/ John G. Koeltl
                                         John G. Koeltl
                                         United States District Judge